**Electronically Filed
Supreme Court
SCWC-24-0000715
30-MAY-2025
12:30 PM
Dkt. 3 OGAC**

SCWC-24-0000715

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

IN THE INTEREST OF F.G.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-24-0000715; FC-S NO. 23-00093)

ORDER
(By: Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

Upon consideration of Mother-Appellant's Notice of Intent to File Application for Writ of Certiorari (Notice), filed on May 22, 2025, the record herein, and to preserve her constitutional right to court-appointed counsel in this parental rights termination proceeding, we construe Mother-Appellant's Notice as an Application for Writ of Certiorari. Therefore,

IT IS HEREBY ORDERED that:

1. Mother-Appellant's Application for Writ of Certiorari is accepted.

2. This case is temporarily remanded to the Family Court of the First Circuit for the appointment of counsel for Mother-Appellant.

4. Within seven business days of the entry of this order, the family court shall issue an order appointing counsel.

5. A supplemental record containing all documents filed during the period of temporary remand shall be transmitted to this court within five business days after the filing of the family court's appointment of counsel.

6. After remand is complete, this court will issue a briefing schedule for all parties.

7. The appellate clerk shall transmit a copy of this order to the Family Court of the First Circuit for filing in FC-S No. 23-00093.

We further note that the family court attempted to address this situation while the case was pending in the Intermediate Court of Appeals, by filing a "Request for Temporary Remand" ("Request") on May 15, 2025. The ICA construed that filing as a "motion" made on behalf of Mother-Appellant and suggested that such action was not authorized by the Revised Code of Judicial Conduct. We respectfully, but strongly, disagree.

As reflected by the family court's thoughtful explanation in the "Request", the family court was bringing a potential violation of Mother-Appellant's constitutional rights to the attention of the appellate court. As emphasized by Rule 2.6(a) of the Revised Code of Judicial Conduct, "[a] judge shall accord to every person who has a legal interest in a proceeding,

2

or that person's lawyer, the right to be heard according to law." Inaction by the family court in these circumstances would have countenanced a denial of Mother-Appellant's rights. Thus, the "Request" was fully consistent with the family court's obligation under the Code.

DATED: Honolulu, Hawaiʻi, May 30, 2025.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

